*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MCKENNA FROWNFELTER,

    Plaintiff-Appellant,

v

ESURANCE PROPERTY AND CASUALTY
INSURANCE COMPANY,

    Defendant/Third-Party Plaintiff-
    Appellee,

and

PROGRESSIVE MICHIGAN INSURANCE
COMPANY, FARMERS INSURANCE
COMPANY, and AUTO-OWNERS INSURANCE
COMPANY,

    Third-Party Defendants-Appellees.

UNPUBLISHED
February 24, 2025
11:42 AM

No.  366118
Oakland Circuit Court
LC No.  2020-184089-NF

MCKENNA FROWNFELTER,

    Plaintiff-Appellant,

v

COREY FROWNFELTER, AUTO-OWNERS
INSURANCE COMPANY, and ESURANCE
PROPERTY AND CASUALTY INSURANCE
COMPANY,

    Defendants-Appellees.

No.  366120
Oakland Circuit Court
LC No.  2022-192235-NI

-1-

Before: LETICA, P.J., and GARRETT and FEENEY, JJ.

LETICA, P.J. (*concurring*).

I concur in Docket No. 366118. And, in Docket No. 366120, I agree that the term "resident" in the family step-down provision of the Esurance policy is unambiguous. I further agree that plaintiff was a resident of Frownfelter's household because she was Frownfelter's daughter and lived in Frownfelter's home with him on the date of the motor-vehicle accident. I write separately to address plaintiff's contention that Frownfelter's failure to "list[]" plaintiff as a resident on his application for insurance, contrary to language instructing him to identify "all members of your household 14 years . . . or older" in his application, created an ambiguity as to the meaning of "resident" in the policy. Initially, I note that "an insurer has a reasonable right to expect honesty in the application for insurance[.]" *Bazzi v Sentinel Ins Co*, 502 Mich 390, 407; 919 NW2d 20 (2018). Second, contracts require "mutuality of agreement." *Hess v Canton Twp*, 265 Mich App 582, 592; 696 NW2d 742 (2005). Third, the failure to list resident relatives in an application for no-fault insurance may result in rescission of the policy when an innocent third-party is injured. *Pioneer State Mut Ins Co v Wright*, 331 Mich App 396, 401; 952 NW2d 586 (2020). And, even though the plaintiff-applicant's misrepresentation is innocent, it will result in rescission when the plaintiff-applicant is the injured party and the insurer would have raised the plaintiff-applicant's premium if the correct number of relatives had been disclosed. *Sherman v Progressive Mich Ins Co (On Reconsideration)*, ___ Mich App ___; ___ NW3d ___ (2024). In this case, because Frownfelter failed to list plaintiff, who was over 14, as instructed in his application for no-fault insurance, Esurance was unaware of her existence. Thus, there could not have been a mutuality of agreement, *Hess*, 265 Mich App at 592, and I cannot accept plaintiff's contention that Esurance agreed to exclude plaintiff from being a resident or that it should be estopped from asserting that she was a resident of Frownfelter's household.

/s/ Anica Letica